IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TOM HARDISTY,                                    06-CV-1670-BR

          Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


TIM WILBORN
Wilborn Law Office, PC
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

          Attorney for Plaintiff

KAREN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**MICHAEL MCGAUGHRAN**
Office of the General Counsel
**RICHARD M. RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Tom Hardisty seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

<u>**ADMINISTRATIVE HISTORY**</u>

    Plaintiff filed his application for DIB on October 29, 2003, and alleged a disability onset date of January 15, 2001.  Tr. 50,

55.[1]   The application was denied initially and on

reconsideration.  Tr. 36, 41.  An Administrative Law Judge (ALJ)

held a hearing on November 17, 2005.  At the hearing, Plaintiff

was represented by an attorney.  Plaintiff, one lay witness, and

a vocational expert (VE) testified.  Tr. 279-301.

The ALJ issued a decision on February 24, 2006, in which he

found Plaintiff was not entitled to benefits.  Tr. 20-29.  That

decision became the final decision of the Commissioner on

September 15, 2006, when the Appeals Council denied Plaintiff's

request for review.  Tr. 5-7.


### BACKGROUND

Plaintiff was born on January 14, 1956, and was 49 years old

at the time of the hearing.  Tr. 45, 246.  Plaintiff completed

sixth grade.  Tr. 74.  Plaintiff does not have any past relevant

work experience.  Tr. 27.

Plaintiff alleges disability due to degenerative disc

disease of the cervical spine, degenerative disc disease of the

lumbar spine, degenerative osteoarthritis, attention deficit

hyperactivity disorder, and a mathematics learning disorder.

Tr. 24.

The ALJ acknowledged Plaintiff has the severe impairments of

---

[1] Citations to the official transcript of record filed by
the Commissioner on May 16, 2007, are referred to as "Tr."

3 - OPINION AND ORDER

degenerative cervical disc disease with chronic neck pain, attention deficit disorder, mathematics disorder, and a history of conduct and substance abuse disorders, but the ALJ denied benefits on the ground that Plaintiff retains the residual functional capacity (RFC) to perform a modified range of light exertion at jobs that exist in significant numbers in the national economy such as bench assembler, motel cleaner, and final assembler/glasses.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  Plaintiff, however, contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected lay-witness testimony; (3) improperly rejected the opinion of Melanie Vergara, M.D., treating physician; (4) improperly evaluated Plaintiff's RFC; (5) posed an incomplete hypothetical to the VE; and (6) failed to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles (DOT).

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 25-27.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must

4 - OPINION AND ORDER

demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational

5 - OPINION AND ORDER

interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.

*Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R.

§ 404.1520(a)(4)(iii).  The criteria for the listed impairments,

known as Listings, are enumerated in 20 C.F.R. part 404,

subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must

assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations.  20 C.F.R.

§ 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A

'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

words, the Social Security Act does not require complete

incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284

n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at

the heart of Steps Four and Five of the sequential analysis

engaged in by the ALJ when determining whether a claimant can

still work despite severe medical impairments.  An improper

evaluation of the claimant's ability to perform specific work-

related functions "could make the difference between a finding of

'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also*

20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

### ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity during the relevant period. Tr. 28.

At Step Two, the ALJ found Plaintiff has severe impairments of degenerative cervical disc disease, attention deficit disorder, a "mathematics disorder," and a history of conduct and substance abuse disorders. Tr. 28.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. When the ALJ assessed

8 - OPINION AND ORDER

Plaintiff's RFC, he found Plaintiff is able to sit, to stand, or
to walk for six hours of an eight-hour work day; to crawl and
reach overhead bilaterally occasionally, but never to climb
ladders, ropes, or scaffolds.  Tr. 28.  The ALJ also found
Plaintiff should avoid all activities involving even moderate
exposure to hazards due to the effects of his pain medication.
Tr. 28.  Finally, the ALJ found Plaintiff could perform routine
tasks that do not require mathematics.  Tr. 28.

     At Step Four, the ALJ found "Plaintiff's limitations
preclude his past relevant work."  Tr. 28.

     At Step Five, the ALJ found Plaintiff is capable of working
in occupations that exist in significant numbers in the local and
national economies.  Tr. 28.  Accordingly, the ALJ found
Plaintiff is not disabled and, therefore, is not entitled to
benefits.  Tr. 29.


                            **DISCUSSION**

     As noted, Plaintiff contends the ALJ erred when he
(1) improperly rejected Plaintiff's testimony; (2) improperly
rejected lay-witness testimony; (3) improperly rejected the
opinion of Melanie Vergara, M.D., treating physician;
(4) improperly evaluated Plaintiff's RFC; (5) posed an incomplete
hypothetical to the VE; and (6) failed to ask the VE whether her
testimony was consistent with the DOT.

9 - OPINION AND ORDER

I.    **The ALJ Improperly Rejected Plaintiff's Testimony**.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff produced objective medical evidence of the severe impairments of degenerative cervical disc disease with chronic neck pain, attention deficit disorder, "mathematics

disorder," and a history of conduct and substance abuse
disorders.

The ALJ, however, noted Plaintiff had a criminal history of
"various property crimes" including burglary "and other things,"
and, therefore, concluded Plaintiff's testimony regarding his
ability to work was "not entirely credible."  Tr. 25.  The ALJ
also noted Plaintiff testified both he and his significant other,
Linda Borden, had driven to the hearing, but Borden testified
only Plaintiff drove.  Finally, the ALJ found Plaintiff's
testimony included "exaggerations and inconsistency with the
medical record" that raised "the possibility of malingering."
The ALJ, however, did not refer to any particular portion of the
record to support these findings.

Although the record does not reflect the crimes for which
Plaintiff was convicted, it establishes Plaintiff's criminal
history predates his move to Oregon, which was 18-20 years before
his hearing.  Defendant contends the ALJ properly may discredit
Plaintiff's testimony based on Plaintiff's criminal history and
cites Federal Rule of Evidence 609(a)(2) to support his
contention.

Rule 609(a)(2) provides "evidence that any witness has been
convicted of a crime shall be admitted regardless of the
punishment, if it readily can be determined that establishing the
elements of the crime required proof or admission of an act of

11 - OPINION AND ORDER

dishonesty or false statement by the witness."  In addition, Rule

609(b) provides:

> Evidence of a conviction under this rule is not
> admissible if a period of more than ten years has
> elapsed since the date of the conviction . . .
> unless the court determines, in the interests of
> justice, that the probative value of the
> conviction supported by specific facts and
> circumstances substantially outweighs its
> prejudicial effect.

Here the record does not establish Plaintiff was convicted of any

crime involving dishonesty or false statement.  Moreover,

Plaintiff was convicted at least 18 years prior to the hearing.

Thus, Plaintiff's remote criminal history is not a clear and

convincing reason to reject Plaintiff's testimony.

With respect to Plaintiff's testimony about driving to the

hearing, Borden clarified her testimony by informing the ALJ

after the hearing that she drove Plaintiff as far as the gas

station and then Plaintiff drove from the gas station to the

hearing.  Tr. 124.  Borden's testimony, therefore, did not

conflict with the testimony of Plaintiff.

Finally, even though the ALJ found Plaintiff's testimony

included exaggerations and was inconsistent with the medical

record, the ALJ did not "identify what evidence undermines the

claimant's complaints."  *See Lester*, 81 F.3d at 834.  Charlotte

Higgins-Lee, Ph.D., an examining physician, assigned Plaintiff a

global assessment of functioning score (GAF) of 45,[2] which
indicates serious symptoms or serious impairment of social or
occupational functioning.  Tr. 136, *DSM-IV* 32.  Dr. Higgins-Lee
opined Plaintiff "seemed to complete test items to the best of
his ability."  Tr. 134.  Similarly, Kalsang Phuntshog, M.D., an
examining physician, noted Plaintiff participated in his physical
capacity evaluation with "full effort . . . . [Plaintiff]
appeared to try hard and to give his best effort today."
Tr. 162.  David Powley, M.D., Plaintiff's treating physician from
January 2002 through January 2004, found Plaintiff has "chronic
pain."  Tr. 176.  In May 2003, Dr. Powley noted he told Plaintiff
that

> every single venue or avenue of intervention that
> [he] ha[s] attempted on [Plaintiff's] case has
> proven fruitless.  It is professionally
> frustrating to [him] that a person in the Oregon
> Health Plan cannot gain access to the chronic pain
> facilities in Lane County.  However, [he is]
> powerless to intervene on [Plaintiff's] behalf on
> that issue.  [He] told [Plaintiff] frankly that
> [he] think[s] [Plaintiff] should seek another
> direction on this with a change of physicians to
> see if somebody else can give him some better
> guidance in controlling his back pain.

Tr. 174.  In addition, Simona Boren, M.D., Plaintiff's treating
physician in January and February 2004, opined Plaintiff "has
[an] underlying cause for this neck and back pain."  Tr. 198.

---

[2] The GAF scale is used to report a clinician's judgment of
the patient's overall level of functioning on a scale of 1 to
100.  *Diagnostic and Statistical Manual of Mental Disorders* (4th
ed. 1994)(*DSM-IV*) at 30-32.

13 - OPINION AND ORDER

Although the ALJ rejected the opinion of Dr. Vergara that Plaintiff would miss three days of work per month, the ALJ did not reject the opinions of Drs. Boren, Powley, or Higgins-Lee, Plaintiffs other treating and examining physicians.  The opinions and medical records of these doctors provide objective medical evidence of Plaintiff's impairments and that his impairments could reasonably be expected to produce some degree of symptom. *See Cotton*, 799 F.2d at 1407.

On this record, the Court finds the ALJ did not provide clear and convincing reasons for finding Plaintiff's testimony not credible as to the intensity, persistence, and limiting effects of his conditions and for finding Plaintiff's testimony exaggerated and inconsistent with the medical record.  The Court, therefore, concludes the ALJ erred when he failed to provide a legally sufficient basis supported by the record for rejecting Plaintiff's testimony.

## II.  Remand for Benefits

When an ALJ improperly rejects a claimant's testimony regarding his limitations, and the claimant would be deemed to be disabled if his testimony were credited, the court "will not remand solely to allow the ALJ to make specific findings regarding that testimony." *Lingenfelter v. Astrue*, No. 04-56934, slip op. at 13449 (9th Cir. Oct. 4, 2007)(citing *Varney v. Sec'y of Health and Human Serv.*, 859 F.2d 1396, 1401 (9th Cir. 1988)).

14 - OPINION AND ORDER

Instead the claimant's testimony is to be credited as a matter of law. *Lingenfelter*, at 13450.

Plaintiff testified his "major problem" was neck pain and that he had good days and bad days. Tr. 286-87. According to Plaintiff, on bad days he experienced a pain level of nine on a scale from one to ten and he could not do anything except sit in a recliner or lie in bed. Tr. 287. Plaintiff testified he could not fix himself meals on a bad day, do laundry, wash dishes, sweep, vacuum, dust, or push and pull because of his pain. Tr. 288-89. Plaintiff also testified he has bad days approximately twice a week. Tr. 288.

The vocational expert testified at the hearing that if Plaintiff had to miss work three days per month, he would be unable to work at competitive jobs. Tr. 300. Accordingly, because the Court credits Plaintiff's testimony that he has bad days approximately twice a week and is unable to do anything other than sit or lie down on those days, and because missing at least three days of work per month would rule out competitive work, and because Plaintiff's treating and examining physicians provide objective medical evidence of Plaintiff's subjective symptoms, the Court concludes Plaintiff is disabled. The Court, therefore, reverses the decision of the Commissioner and remands this matter for the calculation and award of benefits.

15 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 28th day of November, 2007.


    /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER