IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TOM HARDISTY,                                    06-CV-1670-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.


**TIM WILBORN**
Wilborn Law Office, PC
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

       Attorney for Plaintiff

1 - OPINION AND ORDER

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2531

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Tom Hardisty's Application for Fees (#18) in which he seeks $8,866.12[1] in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

For the reasons that follow, the Court **DENIES** Plaintiff's request for attorneys' fees pursuant to EAJA.

### BACKGROUND

Plaintiff filed his application for Supplemental Social

---

[1] This amount includes $7,549.01 in attorneys' fees in pursuit of the remand and an additional $1,317.11 for 7.75 hours pursuing this Motion.

2 - OPINION AND ORDER

Security Income (SSI) on October 29, 2003, and alleged a disability onset date of January 15, 2001. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 17, 2005. Plaintiff was represented by an attorney.

On February 24, 2006, the ALJ issued a decision in which he found Plaintiff was not entitled to Social Security benefits. In his decision denying benefits to Plaintiff, the ALJ found, *inter alia*, that Plaintiff's testimony as to the symptoms of his impairments was not entirely credible. On September 15, 2006, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner.

This Court reviewed the Commissioner's denial of benefits pursuant to its authority under 42 U.S.C. § 1383(c). After reviewing the record, the Court reversed the decision of the Commissioner on January 14, 2008, and remanded this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits on the basis that the ALJ did not provide clear and convincing reasons for discrediting Plaintiff's testimony. The Court did not address Plaintiff's remaining challenges to the Commissioner's denial of Plaintiff's benefits.

On March 31, 2008, Plaintiff filed his request for attorneys' fees pursuant to EAJA, and Defendant filed his

3 - OPINION AND ORDER

Response on April 15, 2008. On June 3, 2008, the Court requested supplemental briefing by the parties. On June 13, 2008, Defendant filed its supplemental brief, and on June 23, 2008, Plaintiff filed his supplemental brief. The Court took Plaintiff's Motion under advisement at that time.

## **STANDARDS**

Under EAJA, the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

4 - OPINION AND ORDER

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based both in law and fact. *Id.* (citing *Pierce v. Underwood*, 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *U.S. v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

In opposing Plaintiff's fee request, Defendant bears the burden to establish that the Commissioner's positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Ca.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, Defendant must establish the positions taken by the Commissioner in opposition to Plaintiff's efforts to obtain Social Security benefits both in the proceedings before this Court and in the underlying administrative action were substantially justified. *See Lewis*, 281 F.3d at 1085-86.

## **DISCUSSION**

Plaintiff seeks an award of attorneys' fees and costs

totaling $8,866.12, which includes Plaintiff's attorneys' fees and costs for pursuing the present Motion. Plaintiff maintains the Commissioner's bases for opposing Plaintiff's application for Social Security benefits at the administrative and district-court level were not substantially justified.

In its Response to Plaintiff's application for attorneys' fees, Defendant does not dispute Plaintiff is the prevailing party nor challenge the reasonableness of the amount requested by Plaintiff. Defendant, however, maintains the positions taken by the Commissioner in opposition to Plaintiff's application for Social Security benefits were substantially justified because the ALJ had a reasonable basis in law and fact to conclude that Plaintiff was "not entirely credible" in his statements concerning his impairments and his resulting limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). *See also Lewis,* 281 F.3d at 1083. According to Defendant, therefore, Plaintiff is not entitled to attorneys' fees pursuant to EAJA. *See Lewis*, 281 F.3d at 1083.

Defendant points out that the ALJ is responsible for determining the credibility of witnesses. "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. Among other things, the ALJ may consider a claimant's reputation for truthfulness, inconsistencies in his testimony, and

physicians' statements concerning the nature and severity of the claimant's symptoms when assessing a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Although the ALJ found the record indicated "the possibility of malingering," the ALJ did not conclude Plaintiff is a malingerer nor identify evidence in the record to support such a conclusion.  As a result, the ALJ was required to provide clear and convincing reasons for rejecting Plaintiff's subjective testimony.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  *See also Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989).

The Commissioner upheld the ALJ's determination that Plaintiff's subjective symptom testimony was not entirely credible on the bases identified by the ALJ:  (1) Plaintiff had a criminal history that included various property crimes and burglary for which he had spent time in prison; (2) Plaintiff gave testimony inconsistent with that of lay witness Linda Borden; and (3) Melanie K. Vergara, M.D., one of Plainitff's treating physicians, indicated Plaintiff's symptoms were not as severe as he described them.  Tr. 25-26.

The record reflects Plaintiff was convicted of malicious mischief, vandalism, forgery, burglary, and auto burglary and that Plaintiff spent time in prison for forgery.  Tr. 132, 285. In his opening brief and in his Reply related to his request for

7 - OPINION AND ORDER

attorneys' fees, Plaintiff contends his criminal history is too remote to bear on the credibility of his testimony at the hearing. Plaintiff relies on Federal Rule of Evidence 609(b), which makes a conviction more than ten years old inadmissible in federal court unless the court determines the probative value of the evidence substantially outweighs the risk of prejudice to the party against whom it is offered. The Court, however, notes the Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005). Although the remoteness of Plaintiff's convictions convinced the Court that those convictions were not a legally sufficient reason for rejecting Plaintiff's testimony, the ALJ's reliance on such evidence was not unlawful and could reasonably reflect negatively on Plaintiff's reputation for truthfulness.

The record also reflects Plaintiff's testimony as to how he arrived at the hearing before the ALJ was inconsistent with lay witness Borden's testimony. Plaintiff testified he drove part of the way to the hearing, and Borden drove the rest of the way. Tr. 290. Borden, however, testified she did not drive any portion of the trip and that Plaintiff drove to the hearing. Tr. 295. Borden issued a statement after the hearing in which she conformed her testimony to the testimony of Plaintiff because she "imagine[d] the judge would have trouble believing anything

8 - OPINION AND ORDER

[Plaintiff] says."  Tr. 124.  The ALJ, however, found Plaintiff's testimony was intended to make him appear more physically limited than he was.  Tr. 26.  Again, even though the Court found this reason was unconvincing, the ALJ had a basis in the record to conclude that Plaintiff's testimony was not credible.

The ALJ also relied on a report dated June 20, 2005, by Dr. Vergara, one of Plaintiff's treating physicians.  Tr. 25, 241-47.  In her report, Dr. Vergara indicated she believed some of Plaintiff's symptoms were not as severe as he described.  Tr. 244.  Although the Court was not convinced by the ALJ's reasons for relying on Dr. Vergara's report in light of the fact that the record contained contrary medical evidence, the record provided some basis for the ALJ's conclusion.

As noted, the Court found in its Opinion and Order issued January 14, 2008, that the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's subjective testimony.  Although the ALJ failed to meet that high standard, the Court does not presume the Commissioner's position to be unreasonable in fact and in law.  *See Marolf*, 277 F.3d at 1162.  *See also Lewis*, 281 F.3d at 1085-86 (court concluded "the Commissioner's position, though incorrect, was substantially justified.").  In fact, the ALJ had the legal authority and the obligation to assess the credibility of the witnesses, and his conclusions as to Plaintiff's testimony had some factual basis in

9 - OPINION AND ORDER

the record.  The Court, therefore, concludes the Commissioner had

a reasonable basis in law and in fact to uphold the ALJ's credibility finding at the administrative level and to support Defendant's opposition to Plaintiff's challenge of that decision in this Court.  Thus, the Commissioner's positions relative to Plaintiff's credibility in this matter, "though incorrect," were "substantially justified."

    Plaintiff, however, contends even if the Commissioner were substantially justified in his positions relative to the ALJ's determination that Plaintiff's subjective symptom testimony was not entirely credible, the Court should review the remaining challenges that Plaintiff set out in his opening brief even though those issues were not addressed by the Court in its Opinion and Order issued January 14, 2008.  As noted, the Court reversed the Commissioner's decision to deny Plaintiff's application for Social Security benefits solely on the basis of the ALJ's error in assessing Plaintiff's credibility.  Plaintiff notes the Ninth Circuit has indicated in *Flores v. Shalala* that there might be a question as to whether the Commissioner was substantially justified in its positions relative to those issues that a reviewing court does not reach if the Commissioner is found to be substantially justified in its positions relative to the issue on which a reviewing court remanded the case.  *See* 49

10 - OPINION AND ORDER

F.3d 562, 566 n.5 (9th Cir. 1995).[2]  The Ninth Circuit, however, did not actually reach that issue.  In fact, the Ninth Circuit ultimately concluded in *Flores* that the plaintiff was entitled to fees under EAJA "unless the Secretary shows that her position with respect to the issue on which the court based its remand was 'substantially justified'."  *Id.* at 569.  In *Lewis*, the Ninth Circuit followed *Flores* and repeated its holding that a court's review of whether the government's position is substantially justified "requires us to focus on the reasonableness of the Commissioner's position in the remand proceedings instead of the reasonableness of the Commissioner's position in the full range of proceedings related to the disability determination."  281 F.3d at 1085.  In light of the fact that Plaintiff has not identified any authority that requires a reviewing court to

---

[2] "Even if the Secretary's position regarding the issue on which the court remanded *were* substantially justified, an award of attorney's fees might be appropriate if the district court did not address all the issues raised by the plaintiff.  It is for this reason that we say "at least initially" in the text.  In some cases, a plaintiff may allege multiple errors on the part of the Secretary, only some of which are addressed by the district court.  For example, the plaintiff might raise two separate claims of procedural error on appeal, and the district court might remand on the first without reaching the second.  If the Secretary's position on the first claim were substantially justified, the question would arise whether the claimant would be entitled to attorney's fees if the Secretary's position on the *second* claim was not substantially justified.  Because of the conclusion we reach *supra,* we need not decide that question here."

*Flores*, 49 F.3d at 566 n.5.

11 - OPINION AND ORDER

follow the *dicta* in *Flores*, the Court declines to review any of Plaintiff's challenges to the Commissioner's decision other than the one that was the basis for remanding the case.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion for EAJA Fees.

IT IS SO ORDERED.

DATED this 29th day of August, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER