IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOM HARDISTY,                          06-CV-1670-BR

        Plaintiff,                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.


**TIM WILBORN**
Wilborn Law Office, PC
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

        Attorney for Plaintiff

1 - OPINION AND ORDER

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2531

       Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees (#35) Pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### BACKGROUND

On November 17, 2006, Plaintiff filed a Complaint in this Court in which she sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's application for supplemental security income payments (SSI) under Title XVI of the Social Security Act.

On November 29, 2007, this Court issued an Opinion and Order

2  -   OPINION AND ORDER

reversing the Commissioner's decision and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On that same day, the Court entered a Judgment reversing and remanding this matter to the Commissioner.

On March 31, 2008, Plaintiff filed an Application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $8,866.12.  On August 29, 2008, the Court entered an Order denying Plaintiff's Application for EAJA fees.  On October 27, 2008, Plaintiff appealed the Court's denial of EAJA fees to the Ninth Circuit.

On, December 23, 2008, Plaintiff filed an Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $7,230.75 in attorneys' fees for work performed in this matter before this Court.

On January 5, 2008, the Court issued an Order directing Plaintiff's counsel to file a supplemental statement in support of the Motion for Attorney Fees, which sets out the amount of the award in this case.

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable

3  -  OPINION AND ORDER

fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any attorneys' fee awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits."  42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense."  *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Id*. at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535

4  -  OPINION AND ORDER

U.S. at 807.

## DISCUSSION

### I.   Reasonableness of Attorneys' Fees Requested.

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Grisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider:  the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id*. at 808.  No single factor is dispositive.  *Id*.  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id*.

Here Plaintiff's counsel requests fees of $7,230.75 for 45.45 hours of work by counsel.  Counsel's requested rate is $159.09 per hour.  The Court notes the rates requested by Plaintiff's counsel comport with the rates reported in the most recent Oregon State Bar Economic Survey adjusted for inflation. Accordingly, the Court concludes the rate of $159.09 per hour for Plaintiff's counsel are reasonable.  In addition, a review of the record establishes Plaintiff's counsel was able to secure an

5   -   OPINION AND ORDER

award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been denied benefits by an Administrative Law Judge and on administrative appeal.  The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.

In addition, Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 199-1300 (9th Cir. 1994).

Finally, the Court notes counsel's requested fee is 25% of Plaintiff's retroactive benefits received.

Accordingly the Court concludes an award of $7,230.75 is reasonable.

### III. The net amount of attorneys' fees in this matter may not exceed 25% of Plaintiff's past-due benefits.

The Court may award attorneys' fees and costs to plaintiffs' attorneys under the EAJA for their representation of plaintiffs in court if certain criteria are met.  *See* 28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791,

792 (9th Cir. 2002). In addition, as noted, pursuant to § 406(b), courts may award such fees "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985). *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

On remand, the Commissioner awarded Plaintiff $28,923.00 in past-due benefits. As noted, Plaintiff's counsel moves for attorneys' fees of $7,230.75 under § 406(b) for his representation of Plaintiff. Although the Court denied counsel's Application for fees of $8,866.12 pursuant to the EAJA, Plaintiff has appealed that decision. The Court notes pursuant to 99 Stat. 183, 186 (1985), if Plaintiff's counsel is awarded $7,230.75 in attorneys' fees under § 406(b), and also is awarded $8,866.12 in EAJA fees by the Ninth Circuit, counsel must retain only $7,230.75 of the $8,866.12 award and pay to Plaintiff the difference of $1,635.37. The net result of this exchange will ensure the total amount of fees awarded to Plaintiff's counsel is no more than $7,230.75, which is 25 percent of Plaintiff's past-due benefits.

7  -   OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#28) Pursuant to 42 U.S.C. § 406(b) in the amount of **$7,230.75**.  Pursuant to *Gisbrecht*, however, if Plaintiff's counsel is awarded EAJA fees of $8,866.12 by the Ninth Circuit, Plaintiff's counsel must retain only $7,230.75 of the $8,866.12 award and pay to Plaintiff the difference of $1,635.37.

IT IS SO ORDERED.

DATED this 16th day of March, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge